UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 1:94-mj-108

v.

Hon. Hugh W. Brenneman, Jr.

TRACY LYNN CARLTON,

    Defendant.
_____/

**MEMORANDUM OPINION**

Defendant was convicted of a misdemeanor in this court and sentenced in January 1995 to probation and restitution. Restitution was paid, and probation was terminated on January 28, 1997. Defendant now seeks to have the conviction expunged from her record because she feels that this offense would reflect adversely on her, regardless of her outstanding work record, community service and education, should she apply for future employment positions. This letter request has been docketed as a motion (docket no. 13).

The preliminary question before the court, and the one dispositive in this instance, is whether the court has subject matter jurisdiction over a motion to expunge, where the motion is based solely on equitable grounds. Without subject matter jurisdiction, a court is powerless to grant a motion for expungement. *See, Steel Company v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause") (quoting *Ex Parte McCardle,* 74 U.S. 506, 514 (1868)). There may be narrow instances in which the court has the inherent authority to expunge a conviction. However, where a defendant does not allege that her

misdemeanor conviction was in any way invalid or illegal, nor does she rely on any Constitutional provision or statute authorizing the court to expunge her criminal conviction, but seeks expungement solely on the equitable basis that it may affect her future employment, the courts conclude they are without authority to grant such relief. *U.S. v. Meyer,* 439 F.3d 855 (8th Cir. 2006); *U.S. v. Crowell,* 374 F.3d 790, 793, 795-97 (9th Cir. 2004); *U.S. v. Dunegan,* 251 F.3d 477, 480 (3rd Cir. 2001); *U.S. v. Sumner,* 226 F.3d 1005, 1014 (9th Cir. 2000). The expungement of a record of a valid conviction contravenes Constitutional powers allocated to the Congress, the Executive, and the states to prepare, maintain and rely upon accurate and complete criminal records. *U.S. v. Meyer, supra,* at 862. Although the Sixth Circuit has not yet spoken on this issue, this court in a previous case determined that the Sixth Circuit was "likely to follow the great weight of reasoned authority" and hold that requests for expungement based on the belief that the existence of a conviction would adversely affect a defendant's ability to advance in employment, would not constitute the type of extreme circumstance necessary for the exercise of equitable discretion to expunge a criminal record. *See, U.S. v. Welch,* No. 1:05-cr-158, 2007 WL 4465256 (W.D. Mich. Dec. 18, 2007) (Scoville, J.) (citations omitted).

> Unfortunately, in the present case, as the court concluded in *Welch:*
>
> Although defendant's stated reasons are compelling to her, and are understandable, they do not, under the law, fall within the narrow jurisdiction of the federal courts to order expungement.

The motion for expungement (docket no. 13) will be **DENIED.**

Dated: September 23, 2010            /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge